UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHAUNCEY GIRARD,

                      Plaintiff,

-against-

DEP. COLLAO, SUPT. GRIFFIN, LT. MURPHY, C.O. STAPLES, DR. BENTIVEGNA, SGT. ECKERSON, DR. KOROBKOVA, BUSINESS OFFICE "JANE DOE," and INTERNATIONAL STEWARD K. SWAIN,

                      Defendants.

No. 18-CV-2026 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Plaintiff Chauncey Girard ("Plaintiff") commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with his incarceration at Green Haven Correctional Facility (the "Amended Complaint"). (*See* ECF No. 7.) Presently before the Court are Plaintiff's motions to supplement his complaint (ECF No. 12), to add a party (ECF No. 28), and for a preliminary injunction (ECF No. 29). In response to Defendants' January 29, 2019 pre-motion letter (ECF No. 38), Plaintiff has also asked to further amend his Amended Complaint to address any "confusion" held by Defendants. (ECF No. 32.)

For the following reasons, Plaintiff's motions are DENIED. The Court, however, GRANTS Plaintiff leave to file a second amended complaint consistent with this Order.

## BACKGROUND

Plaintiff, currently incarcerated at Elmira Correctional Facility, commenced this action on March 6, 2018 (ECF No. 1), and, following the Court's May 1, 2018 Order to Amend (ECF No. 6 (McMahon, D.J.)), Plaintiff filed his Amended Complaint on June 22, 2018.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/2019

In the Amended Complaint, Plaintiff alleges that, beginning around October 25, 2016, and continuing through approximately February/March 2018, staff at Green Haven Correctional Facility ("Green Haven") were deliberately indifferent to his medical needs by not providing him treatment related to stomach injuries and other associated gastrointestinal issues. (ECF No. 7 at ¶ V.) Plaintiff also appears to have pleaded a retaliation claim against various Defendants. (*Id.*)

On October 10, 2018, Plaintiff filed a motion, under Rule 15(d) of the Federal Rules of Civil Procedure, to supplement his complaint (the "Supplemental Complaint"). (ECF No. 12). Two months later, on December 28, 2018, Plaintiff filed a "Motion to add a Party," also under Rule 15(d), and essentially re-stated the facts set forth in the Supplemental Complaint. (ECF No. 28.) The Supplemental Complaint alleges that on July 31, 2018, several Green Haven correctional officers physically and sexually assaulted Plaintiff after he requested an "Emergency Sick Call." (ECF No. 12 at 2; ECF No. 28 at 1.) The Supplemental Complaint also seemingly alleges purported due process violations stemming from a disciplinary hearing held after the July 31, 2018 incident. (ECF No. 12 at 5-6; ECF No. 28 at 5.) With these new claims, Plaintiff seeks to add twelve new defendants to this action. (ECF No. 12 at 2; ECF No. 28 at 1.)

Finally, on January 4, 2019, Plaintiff submitted a "Motion Request for a Temporary Restraining Order," which, despite its name, requests a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. Specifically, Plaintiff seeks (1) to enjoin "defendant(s), their successors in office, agents and employees and all other persons acting in concert and participation with them" from inflicting further assaults, and (2) "to receive Medical attention." (ECF No. 29 at 1.) Plaintiff did not submit a memorandum of law, make any supporting arguments, or cite to any legal authority. Instead, he affixed his Amended Complaint and pictorial exhibits. (*Id.*)

Defendants opposed Plaintiff's various motions through letters dated January 29, 2019 (ECF No. 39) and February 1, 2019 (ECF No. 40).

## DISCUSSION

### I.     Motion to Supplement Complaint and Add Parties

Under Rule 15(d), a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Any supplemental facts contained in a supplemental pleading must be "connected to the original pleading." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019); *see also Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (S.D.N.Y. 1991) ("A supplemental pleading is designed to cover matters that occur subsequent to the filing of the complaint, but pertain to the original pleadings."). When there is no "nexus between the events alleged in [the] original complaint and those alleged in [the] proposed supplemental complaint," or if the new events did not arise "out of the same conduct or occurrences as those in the original pleading," leave to supplement (or amend) a complaint will be properly denied. *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995); *see also Taylor v. Macomber*, No. 97 Civ. 4127(DAB), 1999 WL 349696, at *6 (S.D.N.Y. May 27, 1999) (denying motion for leave to amend where proposed allegations bore "no relation whatsoever to the claims presented in the" prior complaint).

Here, Plaintiff seeks leave to file a Supplemental Complaint that contains new allegations related to an alleged assault occurring a month after Plaintiff filed his Amended Complaint. Even when construed liberally, however, Plaintiff's new allegations bear no relationship to his original claims. In the Amended Complaint, Plaintiff alleges, in general, that he frequently complained of stomach pains but never received treatment from the medical staff at Green Haven. (ECF No. 7 at ¶ 5.) Conversely, in the Supplemental Complaint, Plaintiff depicts a grizzly incident of physical

3

and sexual assault perpetrated by several correctional officers. (ECF No. 12 at 2-3; ECF No. 28 at 1-2.) Although Plaintiff alleges that he was attacked after he requested "Emergency Sick Call"—which was apparently connected to his previous stomach issues (*see* ECF No. 12 at 2 & Exs. A-C; ECF No. 28 at 1 & Exs. 1-3)—the officers' attack and the subsequent due process violations appear to be separate and distinct from any medical indifference alleged in the Amended Complaint. Indeed, the Supplemental Complaint identifies an entirely new set of actors, none of whom were alleged to have been involved in providing treatment for Plaintiff's stomach-related medical issues. Given this clear distinction between the alleged misconduct and nature of the claims, this Court cannot conclude that the claims in Supplemental Complaint are adequately related to those in the Amended Complaint. *See Klos*, 835 F. Supp. at 716. Plaintiff's motions to supplement his complaint and add parties must be denied.

## II. Motion for Preliminary Injunction

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A "party seeking a preliminary injunction must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010).

Where a party seeks a mandatory injunction "altering, rather than maintaining, the status quo," that party "must meet [a] more rigorous standard." *Almontaser v. N.Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (internal alterations omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 34 (2d Cir. 1995) ("[W]e have required the movant to meet a

higher standard where . . . an injunction will alter, rather than maintain, the status quo."). The moving party must establish a "'clear' or 'substantial' likelihood of success," or show that "extreme or very serious damage" would result in the absence of injunctive relief. *Tom Doherty Assocs.,* 60 F.3d at 34.

Here, the focus of Plaintiff's request for injunctive relief is the excessive force claims raised in the Supplemental Complaint. Because the requested relief is not related to allegations set forth in the Amended Complaint, there is no basis to grant Plaintiff's injunction. *See Page v. Oath Inc.*, 2018 WL 1474620, at *2 (S.D.N.Y. Mar. 26, 2018) ("The relief that a plaintiff seeks through a TRO or injunction must relate to the allegations contained in the underlying complaint.").

In any event, even if Plaintiff seeks injunctive relief related to his medical-indifference claim—which would be a mandatory injunction, *see Flynn v. Lee*, No. 11 Civ. 5311 (LAP), 2011 WL 5865851, at *2 (S.D.N.Y. Nov. 15, 2011)—his request fairs no better at this time. In support of his motion, Plaintiff attaches his Amended Complaint and exhibits related to the Supplemental Complaint. He does not, however, cite to any legal authority or make any arguments in support of his request. Nor can this Court discern solely from the materials provided whether Plaintiff's claims have merit. Therefore, in the absence of any arguments or legal authority in support his position, Plaintiff has failed to establish "clear or substantial" likelihood of success in support of the drastic remedy of a preliminary injunction. *See, e.g.*, *Jimenez v. Junis Real Estate*, No. 16-CV-7483 (VEC) (JLC), 2016 WL 7031842, at *1 (S.D.N.Y. Dec. 2, 2016), *adopted by* 2017 WL 1422469 (S.D.N.Y. Apr. 21, 2017) (denying motion for preliminary injunction where plaintiff "cite[d] to no legal authority that would authorize the Court to issue his requested injunction," did not make "arguments regarding the likelihood of his success on the merits," and did not discuss

"any 'sufficiently serious questions' at issue in this case"). Plaintiff's motion for a preliminary injunction is denied, without prejudice.

### III. Plaintiff's Request for an "Amendment of the Complaint"

On February 5, 2019, shortly after Defendants submitted their pre-motion letter to the Court (*see* ECF No. 38), Plaintiff responded that he believed "the Attorney [G]eneral [was] [c]onfused" about "what the Plaintiff was stating [in his Amended Complaint]." (ECF No. 32.) Because of this confusion, Plaintiff requested to "Move this Court for a request of an 'Amendment of the Complaint' in its entirety.'" (*Id.*) Plaintiff seeks to address any issues of confusion and also add the "newly occurred acts [he] [e]ndured on 7-31-2018."

Although leave to amend should be freely given to *pro se* litigants, *see Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014), in light of the above-referenced issues, the Court concludes that the addition of claims related to the July 18, 2018 incident would cause undue delay and prejudice in the resolution of Plaintiff's current lawsuit. *See Harris v. Armstrong*, No. 3:02CV665(RNC), 2005 WL 756523, at *2 (D. Conn. Mar. 31, 2005) (denying *pro se* plaintiff's motion for leave to amend where his "new claims [were] not factually or legally related to [his] existing claims" and would "add numerous parties and claims"). Thus, absent a showing of how the attack and due process violations alleged in the Supplemental Complaint are related to his original medical-indifference and retaliation claims, the Court does not, at this time, grant Plaintiff leave to add claims related to the July 31, 2018 incident. Should Plaintiff want to further pursue these claims, Plaintiff may commence a new civil action.

Given the early stages of this case, however, the Court will permit Plaintiff to file a second amended complaint to address any confusion he believes Defendants may have regarding the *current allegations* of deliberate indifference and retaliation set forth in the Amended Complaint.

The second amended complaint should contain all relevant facts and exhibits that Plaintiff would like the Court to consider. To this end, Plaintiff should include **(1)** the names and titles of all relevant persons, if known; **(2)** the relevant events giving rise to his claims; **(3)** the dates and times of those events; **(4)** the location where each relevant event occurred; **(5)** the rights violated by Defendants and the injuries Plaintiff suffered; and **(6)** the relief Plaintiff seeks from the Court. Although Plaintiff may identify events that postdate the allegations in the Amended Complaint, any subsequent amendments must have a nexus to his original claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to supplement his complaint and add a party are DENIED. Plaintiff's motion for a preliminary injunction is also DENIED.

Plaintiff is granted leave to file a second amended complaint, consistent with this Order, to address any issues of confusion he believes he can clarify. Plaintiff must file his second amended complaint by October 14, 2019. Defendants are directed to notify the Court and Plaintiff in writing on or before November 6, 2019 if they will answer or move to dismiss.

In the event Defendants file an answer, said answer must be filed and served on or before November 21, 2019. Alternatively, Defendants' motion shall be served, not filed, on or before November 21, 2019. Plaintiff's opposition, if any, shall be served, not filed, on or before December 20, 2019. Thereafter, Defendants' reply shall be served on January 6, 2020. Defendants are also directed to file all motion papers, including Plaintiff's opposition, on January 6, 2020. The parties shall provide the Court with two courtesy copies at the time the papers are served on their adversaries.

The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 12, ECF No. 28, and ECF No. 29 and to mail a copy of this Opinion & Order to the *pro se* Plaintiff and file proof of service on the docket.

Dated: September 4, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge