UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td></td><td>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __2/9/2022__</td></tr>
</table>

CHAUNCEY GIRARD,

                              Plaintiff,

     -against-

DEP. COLLAO, SUPT. THOMAS GRIFFIN, LT.
MURPHY, C.O. STAPLES, DR. KOROBKOVA,
DR. ROBERT BENTIVEGNA, K. SWAIN
International Steward, and SGT. ECKERSON,

                              Defendants.

No. 18-CV-2026 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff Chauncey Girard ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983") against two medical professionals, Dr. Robert Bentivegna and Dr. Korobkova, and six prison personnel, Dep. Collao, Supt. Thomas Griffen, Lt. Murphy, C.O. Staples, K. Swain International Steward ("Swain"), and Sgt. Eckerson (together, the "Defendants").  Plaintiff alleges violations of his constitutional rights while incarcerated at Green Haven Correctional Facility ("Green Haven").  On September 15, 2020, Plaintiff filed a Third Amendment Complaint (the "TAC") (ECF No. 68), which is the operative complaint in this action.  Before the Court is Defendants' motion to dismiss the TAC (ECF No. 72), and Plaintiff's motion to supplement his complaint to add a new party (ECF No. 79.)  For the following reasons, Defendants' motion is GRANTED, and Plaintiff's motion is DENIED.

## BACKGROUND

      The following facts are taken from the TAC and Plaintiff's opposition papers as well as the documents attached thereto[1], and are construed in the light most favorable to Plaintiff, the non-

---

[1] The Court construes Plaintiff's opposition as supplementing the complaint.  "While a court generally 'may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss . . . the mandate to read the papers

movant, and accepted as true for purposes of this motion.

The conduct that forms the basis of the TAC occurred at Green Haven from approximately December 14, 2017 through January 13, 2018.  (TAC at 4.)  Plaintiff has H. Pylori disease and injured his left shoulder, stomach, and back on December 23, 2014, before he arrived at Green Haven.  (*Id*.)  A doctor diagnosed Plaintiff as having a muscular skeletal injury as well as a dislocation that needed surgery, which occurred on February 23, 2017.  (*Id*.)

On January 7, 2016, Plaintiff wrote Defendant Bentivegna a letter about his shoulder issue and provided him a copy of his "permit."  (Motion Reply ("Opp."), ECF No. 77 at 10.)  Defendant Bentivegna replied on January 10, 2017, noting that Plaintiff was due to have surgery at the end of the month, and any restrictions on the use of his shoulder would have to be determined by his doctors after the procedure.  (*Id*.)

After his surgery, Plaintiff alleges that Defendant Korobkova failed to provide him with a medical permit that would exempt him from wall searches.  (TAC at 4.)  Wall searches involve officers putting Plaintiff on the wall, which he alleges permanently damaged his shoulder by reducing its range of motion.  (*Id*.)  On April 24, 2017 and December 27, 2017, Plaintiff submitted grievances requesting treatment for his shoulder and a "permit."  (Opp. at 11-12.)

On February 13, 2018, Plaintiff filed a grievance requesting treatment for a stomach injury and asking for a change in provider.  (*Id*. at 13.)  On February 26, 2018, Plaintiff was rushed to the infirmary after he could not breathe but was not provided treatment.  (*Id*. at 14.)

On August 1, 2018, Plaintiff received medical care after an altercation which left him with blood in his urine, hemoptysis, and a swollen eye.  (TAC at Ex. A.)  Plaintiff alleges the hemoptysis

---

of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials . . . .'"  *Brown* v. *New York City Hous. Auth*., No. 05-CV-10332(VM), 2006 WL 1378599, at *1 n.2 (S.D.N.Y. May 17, 2006) (quoting *Burgess* v. *Goord*, No. 98-CV-2077(SAS), 1999 WL 33458, at *1 (S.D.N.Y. Jan. 26, 1999)).

causes him to spit up blood, and that he also has a possible lacerated kidney which causes him "extreme pain." (*Id*. at 4.) He has brought these issues to Defendant Korobkova, but she would state he had nothing wrong with him without doing an assessment. (*Id*.)

Plaintiff was given an X-ray of his back that showed muscle spasms, mild disc degeneration disease, and mild anterior osteophytes. (*Id*. at 5-6.) Plaintiff alleges "Defendant" knew of this injury, but that he was not given a back brace and was not provided treatment. (*Id*. at 6.) Plaintiff also alleges his H. Pylori was not treated and that he was given the wrong medication which made his condition worse. (*Id*.) Plaintiff claims he told Defendants Collao and Griffin about his stomach injury and the bleeding. (*Id*.)

On December 14, 2017, Plaintiff claims he was unlawfully confined. (*Id*.) Plaintiff provides a cell frisk/contraband receipt that shows that Defendant Staples conducted a search, and a pair of sneakers were confiscated. (*Id*. at Ex. C.) He claims this was made up to falsely confine him, and Defendant Murphy made "false judgment for 30 days" where Plaintiff was denied sick calls and medical attention. (*Id*. at 6.) When he tried to bring this to Defendant Eckerson's attention, he would lie and say he would have the claim investigated. (*Id*.) Defendant Bentivegna also knew of Plaintiff's injuries and failed to provide him an "escort," which made his injuries worse. (*Id*.)

Plaintiff claims that he is suffering from permanent left shoulder damage that needs surgery, and stomach pain that causes discomfort and anguish. (*Id*. at 5.) He has not slept on his shoulder in five years, he has blood in his urine and continues to spit up blood. (*Id*.) His back needs surgery, and it shakes from a pinched nerve. (*Id*.) Lastly, Plaintiff alleges the mail room was shut down when he tried to "receive punitive damages" and Defendant Swain would not allow certified mail to go out on time. (*Id*. at 6.)

Plaintiff filed suit on March 6, 2018.  (ECF No. 1.)  Plaintiff filed an amended complaint on June 22, 2018.  (ECF No. 7.)  On September 4, 2019, the Court issued an Opinion and Order denying Plaintiff's motion to supplement his complaint and add a party, and for a preliminary injunction.  (ECF No. 41.)  The Court granted Plaintiff leave to file a second amended complaint which was filed on September 17, 2019.  (ECF No. 42.)  On January 6, 2020, Defendants filed a motion to dismiss the second amended complaint.  (ECF No. 50.)  On August 13, 2020, the Court issued an Opinion and Order granting Defendants' motion, and granting Plaintiff leave to file a third amended complaint.  (ECF No. 66.)  Plaintiff filed a third amended complaint on September 15, 2020.  (ECF No. 68.)  Defendants filed a motion to dismiss the third amended complaint on March 29, 2021.  (ECF No. 72.)  Plaintiff filed an opposition on April 16, 2021.  (ECF No. 77.)  Defendants filed their reply memorandum on May 10, 2021.  (ECF No. 84.)[2]

Plaintiff also filed a second motion to supplement his complaint and add a party pursuant to Rule 15(d) on April 19, 2021.  (ECF No. 79.)  The motion alleges the same facts previously alleged by Plaintiff in his prior motion to supplement his complaint and add a party.  (ECF No. 28.)  Specifically, Plaintiff requests twelve additional defendants be added to the action after they physically and sexually assaulted him after he requested an "Emergency Sick Call," and allegedly violated due process during a disciplinary hearing after this incident.

**LEGAL STANDARD**

---

[2] Plaintiff also filed two additional documents in opposition.  (ECF Nos. 86 & 87.)  The filing of a sur-reply was not authorized by this Court when it issued its Memorandum Endorsement dated December 4, 2020 that established the operative briefing schedule.  (ECF No. 70.)  Pursuant to that Endorsement, Plaintiff was authorized to submit a single opposition brief on or before February 26, 2021.  If Plaintiff desired additional papers, he could have sought leave from the Court.  Accordingly, Plaintiff's sur-reply papers were not authorized, the Court strikes them, and will not consider them in resolving the instant motion.

I.    *Motion to Dismiss*

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Further, courts must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal citation omitted).  Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

II.    *Motion to Supplement Complaint and Add Parties*

Under Rule 15(d), a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Any supplemental facts contained in a supplemental pleading must be "connected to the original pleading." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019); *see also Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991) ("A supplemental pleading is designed to

cover matters that occur subsequent to the filing of the complaint, but pertain to the original pleadings."). When there is no "nexus between the events alleged in [the] original complaint and those alleged in [the] proposed supplemental complaint," or if the new events did not arise "out of the same conduct or occurrence as those in the original pleading," leave to supplement a complaint will be properly denied. *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993).

## DISCUSSION

### I.  The Third Amended Complaint

The TAC includes the same factual allegations as Plaintiff's previous complaints. Plaintiff is realleging his claims for deliberate indifference to medial needs, First Amendment retaliation, mishandling of inmate grievances, denial of access to the courts, and false imprisonment. (*See* TAC at 4-6.) The Court already ruled in its previous Opinion and Order (ECF No. 66) that none of these allegations sufficiently allege plausible claims for relief, and sees no reason to alter that conclusion as Plaintiff's allegations are substantively identical.[3] While Plaintiff attaches several new documents to his filings, none alter the Court's previous determinations.

First, in support of his deliberate indifference to medical needs claims, Plaintiff has submitted (i) December 23, 2014 ambulatory health record progress notes that state Plaintiff was in an altercation with another inmate and had a skeletal injury to his left arm (Opp. at 19); (ii) April 2015 ambulatory health record progress notes that show he complained of right wrist and left

---

[3] The only new allegations appear to be that an unnamed Defendant failed to provide Plaintiff with a back brace and gave him the wrong medication. (TAC at 7.) These claims are insufficient as Plaintiff fails to state which Defendants he is describing. In addition, the refusal to provide a back brace appears to be a "difference of opinion between a prisoner and his doctors regarding . . . 'forms of treatment'" which is not an "'adequate ground[] for a Section 1983 claim.'" *Johnson v. Wright*, 234 F. Supp. 352, 361 (S.D.N.Y 2002) (quoting *Sonds v. St. Barnabas Hosp. Corr. Health Serv.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001)). Further, providing the wrong medication on one occasion appears to be no more than negligent conduct, as opposed to the criminal recklessness required by deliberate indifference. *Vail v. City of New York*, 68 F. Supp. 3d 412, 425 (S.D.N.Y. 2014) (dismissing deliberate indifference claim where the defendants allegedly administered the wrong medication as they "[a]t most . . . acted negligently").

shoulder injuries and muscular pain in the right side of his abdomen (*id*. at 20); (iii) a November 17, 2015 interdepartmental communication from Great Meadow Correctional Facility that states he could not lift his left arm above shoulder height or climb stairs until February 16, 2016 (*id*. at 9); (iv) a January 10, 2017 memorandum from Defendant Bentivegna that states he received a letter from Plaintiff regarding his shoulder that attached a permit, and that Plaintiff was having surgery on his shoulder at the end of the month (*id*. at 10); (v) an April 24, 2017 inmate grievance that requests treatment of his left shoulder and a permit (*id*. at 12); and (vi) a Putnam Hospital Center emergency documentation dated August 1, 2018 that states Plaintiff was involved in an altercation the day before and now had blood in his urine, hemoptysis, and a swollen eye (*id*. at 18).

In its previous Opinion and Order, this Court held that Plaintiff failed to adequately allege that any Defendant acted with deliberate indifference.  The additional documents do not cure the deficiencies in Plaintiff's claims.  The first three documents are from before Plaintiff was transferred to Green Haven, and before he was put in the care of Defendants.  The Bentivegna memorandum shows that Plaintiff did receive treatment for his shoulder, and provides no reason for the Court to believe Bentivegna was aware of any mistreatment or issues involving Plaintiff's care.  Similar to other grievance forms Plaintiff has submitted, the April 24, 2017 grievance does not provide any additional information not already included in the TAC.  There is no indication who received this grievance, whether an investigation was done, and what, if anything, happened once the grievance resolution committee reviewed it.  Lastly, the Putnam Hospital Center documentation shows that Plaintiff received his hemoptysis and blood in his urine after an altercation and received medical treatment the next day.  This record also fails to provide any indication that Plaintiff was mistreated, or that any Defendants acted with deliberate indifference.

Second, Plaintiff also attaches a December 14, 2017 cell frisk/contraband receipt form from Green Haven that shows a pair of sneakers were confiscated from his cell by Defendant Staples.

(*Id.* at 16.)  Plaintiff appears to be alleging this form was falsified so that Defendants Staples and Murphy could retaliate against him and falsely confine him.  However, as discussed in this Court's previous Opinion and Order, Plaintiff's allegations fail to establish a causal connection between his grievances and Defendants' alleged retaliatory conduct, and therefore fail to establish that he was imprisoned for no legitimate reason.  This document does not cure that deficiency.

Therefore, Defendants' motion to dismiss the TAC is granted.

## II.   Leave to Amend

Generally, pro se plaintiffs are allowed an opportunity to amend their complaint before the Court will dismiss it with prejudice.  *Owens v. N.Y.C. Dep't of Sanitation*, No. 11-CV-8297(ALC), 2013 WL 150245, at *3 (S.D.N.Y. Jan. 15, 2013) ("[A] court should grant leave to amend [to a pro se litigant] at least once before dismissing [a complaint] with prejudice"); *Breer v. Maranville*, No. 12-CV-0053, 2012 WL 6597707, at *3 (D. Vt. Nov. 27, 2012) ("The Second Circuit has cautioned that district courts should not dismiss *pro se* complaints with prejudice without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks omitted).  Though this Court has already afforded Plaintiff more than one opportunity to amend his complaint, the Court will grant Plaintiff one more chance.  The Court emphasizes that, to the extent that Plaintiff elects to file a Fourth (and final) Amended Complaint, he should bear in mind that the Fourth Amended Complaint will replace not supplement his previous complaints so any claims, facts, or attachments that Plaintiff wishes the Court to consider going forward must be within or attached to the Fourth Amended Complaint. This means that his previous complaints and other filings will no longer be the operative documents containing his pleadings and exhibits—everything that is essential must be contained in or attached to the Fourth Amended Complaint.

Separately, the Court advises Plaintiff that he should strive towards producing an accessible, concise, and simple statement of his claims.  At this point in the litigation, Plaintiff is not required to provide evidence to prove his claims, instead he should focus on including factual allegations in the complaint that allege plausible claims for relief.  Recognizing the apparent challenges Plaintiff has faced collecting his exhibits and providing them all in one single filing, the Court will afford Plaintiff a longer than usual deadline (60 days) to file his Fourth Amended Complaint.

### III.    Motion to Supplement Complaint and Add Parties

Plaintiff also refiled his motion to add a party pursuant to Rule 15(d).  (ECF No. 79.)  As the Court's September 4, 2019 Opinion and Order held, the new allegations Plaintiff seeks to include in a supplemental complaint bear no relationship to his original claims, and therefore they are not adequately related to the allegations in the TAC.  (ECF No. 41.)  Therefore, Plaintiff's motion is again denied.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's motion to supplement his complaint and add a party is DENIED.  Plaintiff is granted leave to file a Fourth Amended Complaint consistent with this Opinion on or before April 11, 2022.  An Amended Civil Rights Complaint form is attached to this Order.  Failure to file a Fourth Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal of Plaintiff's Third Amended Complaint with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 72 & 79.

The Clerk of Court is further respectfully directed to mail a copy of this Opinion & Order to the

*pro se* Plaintiff at the address listed on ECF, and to show proof of service on the docket.


Dated:    February 9, 2022                                        SO ORDERED:
          White Plains, New York

                                                    _____
                                                            NELSON S. ROMÁN
                                                        United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial               Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                               State                         Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____