STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
WESTCHESTER REGIONAL OFFICE

May 31, 2022

Hon. Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   *Girard v. Collado s/h/a Collao* et al. 18-cv-2026 (NSR)

Dear Hon. J. Roman:

Our office represents Defendants Jaifa Collado, Superintendent, sued herein as C.O. Collao, Lt. Murphy, C.O. Staples, Dr. Bentivegna, Supt. Thomas Griffin, and Dr. Yelena Korobkova (sued herein as Helena Korobkova. Currently before this court is Plaintiff's fifth pleading, the Fourth Amended Complaint (ECF No. 96) filed by pro se plaintiff Chauncey Girard, an incarcerated individual in the New York State prison seeking relief under 42 U.S.C. §1983. Before the court is a fifth pleading in this case. Plaintiff filed a Complaint, Amended Complaint, Second Amended Complaint, and Third Amended Complaint that preceded this Fourth Amended Complaint. All have been dismissed for failure to state a constitutional violation. The currently pleading again does not substantiate any constitutional violations and are deficient by Fed. R. Civ. P. 12(b)(6) standards.

The Fourth Amended Complaint ("FAC") should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because like the others before it fails to assert a constitutional violation and lacks allegations sufficient to allege personal involvement. Instead, it contains previously dismissed claims that are not asserted in an even more disjointed and circular fashion. Many do not personally involve the named defendants in any constitutional violations and allegations sound more like an attempt to allege tort but do not rise to substantiate a federal claim. Hence, dismissal is appropriate and with prejudice as amendment for a sixth time would be futile.

A complaint rooted in "'legal conclusions and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' is not entitled to the assumption of truth and are thus not sufficient to withstand a motion to 12(b)(6) dismiss." *Cooper v. Orange Cty.*, No.: 15 CV 10075 (VB), 2017 WL 3309754 (S.D.N.Y Aug. 2, 2017), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678; *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).

*Analysis To Support Dismissal*

The Fourth Amended Pleading is vague, conclusory, disjointed and circular. It also repeats allegations that were previously dismissed by prior court orders granting Defendants' 12(b)(6) motion without any changes to substantiate constitutional violations. Just like the pleadings that preceded this one, dismissal is appropriate, and with prejudice.

A. *Allegations of 2018 assault*

On 9/4/2019, this Court issued an Opinion and Order denying Plaintiff leave to add new allegations and parties concerning an alleged 7/31/2018 assault and subsequent due process violations. (Opinion and Order at 3, J. Roman, ECF No. 41, 9/4/2019) (holding "Plaintiff seeks leave to file a Supplemental Complaint that contains new allegations related to an alleged assault occurring a month after Plaintiff filed his Amended Complaint. Even construed liberally, however, Plaintiff's new allegations bear no relationship to his original claims."). Also holding "the officers's attack and the subsequent due process violations appear to be separate and distinct from any medical indifference alleged in the Amended Complaint. *Op'n and Order at 4*. Despite the Court's order, Plaintiff seeks to add allegations once again. He again pleads that "on 7/31/2018 he was assaulted sexually and physically, and all officers are conspiring to use adverse action." The law of the case doctrine requires dismissal. In addition, the allegations do not personally involve any defendants.

B. *Denial of permit – Dr. Yelena Korobkova*

Denial of medical treatment, such as medication, a cane, or a permit despite patient demands does not indicate deliberate indifference. *See Curtis v. Williams*, No. 11-CV-1186, 2014 U.S. Dist. LEXIS 80946, 2014 WL 2619805, at *5 (S.D.N.Y. June 12, 2014) (dismissing claims against Furco that she did not provide Plaintiff with a cane); *Wandell*, 2000 U.S. Dist. LEXIS 10466, 2000 WL 1036030, at *4 (holding that denials of crutches do not violate the Eighth Amendment); *Johnson*, 1994 U.S. Dist. LEXIS 16914, 1994 WL 665934, at *4 (dismissing Eighth Amendment claim that the pain medicine the plaintiff received "was insufficient and ineffective").

Plaintiff again alleges that Dr. Korobkova denied him a permit. He states that a permit would prevent correctional officers from searching him because he would not have to put his arms up. This allegation was previously plead in the Second Amended Complaint. (SAC at 5-6). This allegation was previously dismissed because it is a "course of treatment" decision not an indication of deliberate

2

medical indifference. *See Op'n and Order* at 8, J. Roman, 8/13/2020 (ECF No. 66) ("whether a patient requires an exemption from an activity to allow an injury to heal is a decision concerning course of treatment, and it is well established that 'difference[s] of opinion between a prisoner and his doctors regarding…diagnostic techniques, foms of treatment, or the need for specialists, or the timing of their intervention are not adequate grounds for a Section 1983 claim."). Also seemingly contradictory, plaintiff also alleged he received surgery thought he did not get permit. *Id.* After surgery he had two sessions of physical therapy and then experienced loss in range of motion. *Id.* Nevertheless, the allegations are insufficient to state a constitutional claim and were previously evaluated and dismissed.

C.  *Inadequate Medical Care– Dr. Yelena Korobkova*

As to Dr. Korobkova, the allegations again consist of previously dismissed allegations. Plaintiff alleges that he filed a grievance to receive MRI results which he showed to Dr. Korobkova to demonstrate he had a serious medical condition. This allegation does not evince deliberate indifference. Plaintiff first asserted allegations regarding an MRI in his second amended complaint. The Court dismissed these allegations because the information before the court demonstrated that the MRI occurred at Great Meadow, not Green Haven and based on the results that attending doctor did not know what was going in but recommended Plaintiff to a shoulder specialist. (*Op'n and Order* at 9, J. Roman 8/13/2020, (ECF No. 66)).

Plaintiff alleges that he informed Dr. Korobova that his stomach was hurt from the assault (no date is given) and she stated "there is nothing wrong" without giving him a test or pain medication. This allegation was previously raised and dismissed by this Court. Here, there is no difference in the allegation to warrant its survival. In the Second Amended Complaint alleged that he suffered a stomach injury on 12/23/2014 and reported it to Dr. Korobkova on 10/25/2016 who told him he had nothing wrong. (SAC at 6). Here in the 4th amended complaint, the same allegation is asserted. The Court previously dismissed as professional medical judgment. (*Op'n and Order* at 11, J. Roman, 8/13/2020 (ECF. No. 66)). Where a prison medical provider assesses a patient if does not find any symptoms there is not deliberate indifference. *Harris v. Morton*, No. 05-CV-1049, 2008 WL 596891, at *4 (N.D.N.Y. Feb. 29, 2008). *Hernandez*, 341 F.3d at 147 ("This is precisely the sort of issue that cannot form the basis of a deliberate indifference claim.").

Plaintiff alleges that due to a diagnosis of H. pylori he was placed on a liquid diet and he did not see Dr. Korobkova. He added he put in a sick call slip but was not called. These allegations do not rise to a constitutional violation and do not personally involve Dr. Korobkova. A review of the prior pleadings demonstrate that the Court also dismissed these allegations were also dismissed by the Court for lack of personal involvement. *Op'n and Order* at 11, FN1, J. Roman, 8/13/2020 at ECF No. 66.

3

*D. Dr. Bentivegna*

Plaintiff again asserts medical deliberate indifference because Dr. Bentivegna was present and chose not to treat him and he requested suicidal service and was then taken to Downstate from Downstate to Putnam, and outside hospital, where there was blood inside his urine, hemoptysis and stitches in his right and left eye. He alleges there was no attempt to give him medical treatment. The allegation is vague but also more detailed version of these events was also previously dismissed. (Op'n and Order at 7, J. Roman, 2/9/2022 (ECF No. 92); (Op'n and Order at 12 – 13, J. Roman, 8/13/2020, (ECF No. 66)). The prior pleadings also established the fallacy of the claim that he did not receive treatment for blood inside his urine, hemoptysis and stitches in his right and left eye. In the third amended complaint it was alleged that it was Dr. Korobkova who was aware of the hemoptysis and related complains, not Dr. Bentivegna. (See TAC at 5). Still Exhibit A, the Putnam Hospital record demonstrated that these conditions occurred eight months after the dates alleged on Third Amended Complaint and two years after the date alleged in the Second Amended Complaint.

*E. False ticket – C.O. Staples*
   *False Judgment of Ticket – Lt. Murphy*

On 12/5/2016, Plaintiff alleges that he was in keeplock for a false ticket issued by C.O. Staples because during a cell search, his sneakers were outside of his cell. *FAC* at 5-6. Lt. Murphy "falsely judged the ticket." "A prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report". *Boddie v. Schneider*, 105 F.3d 857, 862 (2d. Cir. 1997) *citing Freeman v. Rideout*, 808 F.2d 949, 951 (2d. Cir. 1986) (holding procedural due process is not violated by a false misbehavior report.). A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman*, 808 F.2d at 951. The allegation against Def. Murphy is conclusory and does not implicate a constitutional claim. Still, more specific allegations against Collao and Griffen were dismissed in prior court orders. See Op'n and Order at 8, J. Roman, 2/9/2022 (ECF No. 92)

*F. Denied sick call.*

During this time, he was denied sick call because he was assaulted by a staff member. This allegation does not personally involve any defendants.

*G. Conspiracy*

He alleges that it is a conspiracy to lock him up for having sneakers outside the cell. *Id*. at 6. Plaintiff then broadly alleges a conspiracy theory between all defendants to use adverse action and causal connection to his protected conduct. This is another vague and conclusory allegation that lacks personal involvement.

*H. Collao and Griffin*

While in keeplock, he would ask for medical treatment and Deputy Collao and Superintendent Griffen (Griffin) did nothing. *Id.* This is another allegation that does not establish medical indifference. Still, more specific allegations against Collao and Griffin were dismissed in prior court orders. See *Op'n and Order* at 13, J. Roman, 8/13/20 (ECF No. 66)

In conclusion the standard for deliberate medical indifference is different from negligence or medical malpractice and the standard of pleading in federal court requires more than a recitation of elements or conclusory statements unsupported by detailed allegations.

Respectfully submitted,

Janice Powers, AAG
Enclosure

*cc via regular mail to*:
Chauncey Girard  (DIN No. 11-A-1352)
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953