**MEMORANDUM ENDORSEMENT**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/2022
```

Girard v. Callao et al.,
7:18-cv-2026 (NSR)

  The Court is in receipt of the attached letter from Plaintiff's counsel, dated November 11, 2022 (ECF No. 108) and Defendant's response, dated November 14, 2022. (ECF No. 109.) Plaintiff's counsel explains that he was recently retained, and that counsel has discovered a potential for "significant confusion and overlap" regarding the allegations in the Fourth Amended Complaint (ECF No. 96.) and pleadings raised in two other potentially related federal cases that were filed *pro se* by Plaintiff. *See Girard v. Barber et al.*, 22 cv 00339 (N.D.N.Y.); *Girard v. Gutwein et al.*, 20 cv 5883 (S.D.N.Y.).

  Plaintiff's counsel requests a 30-day stay on the current briefing schedule for Defendant's motion to dismiss in order to allow counsel to confer with his client and sort out any inadvertent overlap or duplicative facts or claims presented in the Fourth Amended Complaint. Plaintiff's counsel also stated that he can provide the Court with a letter clarifying the proper claims at the conclusion of the 30-day stay or can file a clarifying pleading without adding or amending claims. Defendants do not object to the 30-day stay of the motion to dismiss but indicate that to "to the extent that counsel is suggesting that Plaintiff would like to file a 'clarifying pleading' (*i.e.*, a Fifth Amended Complaint), Defendants would oppose such a request if or when it is properly made under Federal Rule of Civil Procedure 15(a)(2)." (ECF No. 109.) The parties are currently briefing on Defendant's motion to dismiss the Fourth Amended Complaint. (*See* ECF No. 105.)

  The Court GRANTS Plaintiff's request for a 30-day stay. The Court, accordingly, sets out the following modified briefing schedule on the remaining papers for the motion to dismiss: Plaintiff is directed to serve (not file) his opposition papers on or before January 30, 2023, and Defendants are directed to serve their reply papers on or before February 14, 2023. The parties are directed to file all motion papers onto ECF on the reply date, February 14, 2023. The parties are directed to mail two courtesy copies and one electronic copy of their papers to Chambers as they are served.

  To the extent that Plaintiff's counsel finds that the allegations raised in the Fourth Amended Complaint have overlap with or are duplicative of allegations raised in the other federal actions, Plaintiff may file a notice of discontinuance with respect to the claims he does not wish to allege in the Fourth Amended Complaint.

  The Clerk of the Court is kindly directed to terminate the motion at ECF No. 108.

Dated: November 18, 2022
   White Plains, NY

SO ORDERED:

_/s/ Nelson S. Roman_
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

November 11, 2022

**Via ECF**

Hon. Nelson S. Roman
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

      Re:      Related Federal Filings and Request for 30 Day Stay
                  *Girard v. Callao et al.*, 18 cv 2026 (S.D.N.Y.)

Your Honor:

This office represents Plaintiff Chauncey Girard in *Girard v. Gutwein et al.*, 20 cv 5883, and we write to inform the Court of the potential relatedness of three federal cases brought by our client, *pro se*, prior to retaining us. Upon a review of the pleadings in each matter, we have discovered the potential for significant confusion and overlap based on the Plaintiff's narrative in his Fourth Amended Complaint (Dkt. 96) submitted in the action before Your Honor.

Our initial review of these pleadings indicates that the actions should ultimately remain separate, as they arise from separate incidents. However, we are concerned that Mr. Girard's attempts to update the Court in each of his *pro se* amendments may have inadvertently led Your Honor or Defendants to believe that he was adding claims, rather than providing context regarding ongoing issues with his incarceration and its effect on the medical care he is receiving in custody.

Given this potential for this confusion or duplicative claims, we respectfully request that Your Honor grant Plaintiff a brief 30-day stay of his proceedings to allow counsel to confer with Mr. Girard for clarification, and to avoid any inconsistent judgments on the merits moving forward.

## BACKGROUND

1. *Girard v. Callao et al.*, 18 cv 2026 (S.D.N.Y.)

In March 2018, Mr. Girard filed this case, *Girard v. Callao et al.*, 18 cv 2026, alleging deliberate indifference to his medical needs related to a shoulder injury he sustained in December 2014. After several amendments and motions to dismiss, Plaintiff was granted leave to amend and file a fourth and final amended complaint in a Decision & Order by Your Honor dated February 9, 2022. The operative complaint (Dkt. 96) is now pending a Motion to Dismiss, returnable on January 15, 2023.

The Fourth Amended Complaint pleads facts related to the 2014 shoulder injury and subsequent denial of adequate medical care, but also includes details concerning an orbital fracture Plaintiff sustained in an officer-inflicted assault on or about July 11, 2021, as well as a second assault he endured on or about July 21, 2018. Our current understanding is that Mr. Girard provided facts related to these two subsequent incidents as context to the Court, and did not intend to bring

Rickner PLLC

additional claims by describing these incidents in his amended pleading. The assault resulting in Mr. Girard's orbital fracture is the subject of another *pro se* filing in the Northern District of New York, *Girard v. Barber et al.*, 22 cv 00339, in which the undersigned just appeared; July 21 assault is subject of the *Gutwein* matter pending before Judge Seibel, which is being handled by this office.

2. *Girard v. Barber et al.*, 22 cv 00339 (N.D.N.Y.)

On April 11, 2022, Mr. Girard filed the *Barber* matter in the Northern District of New York, alleging excessive force, denial of medical care, and due process violations arising from a July 11, 2021 officer-inflicted assault in which he sustained an orbital fracture. After two subsequent amended filings, Judge Hurd ruled in a September 1, 2022 Decision and Order that the following claims would remain in the operative complaint: (1) Eighth Amendment excessive force and failure to intervene claims; (2) Eighth Amendment deliberate indifference to medical needs (3) Fourteenth Amendment equal protection; and First Amendment retaliation. As of November 1, summonses were issued by the Court for the remaining defendants. No answer or pre-answer motion has been filed in this matter. The undersigned appeared as counsel on November 11, 2022.

3. *Girard v. Gutwein et al.*, 20 cv 5883 (S.D.N.Y.)

Mr. Girard also filed the *Gutwein* matter on April 11, 2022, and the undersigned appeared as counsel on July 11, 2022, while a motion to dismiss Plaintiff's Second Amended Complaint was pending. By bench ruling given on October 27, 2022, Judge Cathy Seibel granted in part and denied in part the motion, leaving in place claims of: (1) excessive force; (2) sexual assault; (3) failure to intervene; and (4) procedural due process. Each of these claims arise from an officer inflicted assault that occurred on or about July 31, 2021, the details of which are also mentioned in Mr. Girard's operative complaint in the *Callao* case before this Court (Dkt. 96).

REQUEST FOR RELIEF

Given the potential confusion arising from Mr. Girard's inclusion of new facts in his Fourth Amended *pro se* Complaint in the *Callao* matter, we respectfully request that the Court hold the instant motion to dismiss in abeyance for 30 days, to allow counsel to consult with Mr. Girard and sort out any inadvertent overlap or duplicative facts or claims present in the operative pleading before this Court. We can provide the Court with a letter clarifying the proper claims at the conclusion of the 30-day stay, or can file a clarifying pleading, without adding or amending claims, to further assist the Court and all parties in adjudicating the merits should Mr. Girard's Eighth Amendment claims survive the motion to dismiss.

We thank Your Honor for your time and consideration of this request.

Sincerely,

/s/

Rob Rickner
*Attorney for Plaintiff Chauncey Girard*

Rickner PLLC

Via ECF To:

AAG Janice Powers
New York Attorney General's Office
44 South Broadway 5th Floor
White Plains, NY 10601
(914)-422-8755
(914)-422-8706
janice.powers@ag.ny.gov
*Attorney for Defendants*



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES  
WESTCHESTER REGIONAL OFFICE

November 14, 2022

**Via ECF**
The Honorable Nelson S. Román
United States District Court
for Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re: *Girard v. Collado s/h/a Collao* et. al., 18-cv-2026 (NSR)

Dear Judge Román:

    This office represents the Defendants in the above-referenced matter. I write in response Mr. Rickner's letter dated November 11, 2022 (ECF No. 108).

    As the Court is aware, the Defendants moved to dismiss Plaintiff's Fourth Amended Complaint. Pursuant to the Court's grant of an extension to Plaintiff, he is to serve opposition papers on or before December 30, 2022, and Defendants are to serve their reply papers (and file all motion papers) on or before January 15, 2023. *See* ECF No. 105.

    The Defendants do not oppose counsel's request for a 30 day stay of their motion to dismiss the Fourth Amended Complaint to permit counsel to review, and familiarize themselves with the case, and would have consented to such a request had it been made to them. However, to the extent that counsel is suggesting that Plaintiff would like to file a "clarifying pleading" (i.e., a Fifth Amended Complaint), Defendants would oppose such a request if or when it is properly made under Federal Rule of Civil Procedure 15(a)(2).

    I thank the Court for its courtesy and consideration.

                                Respectfully submitted,

                                *Terrance K. DeRosa*

                                Terrance K. DeRosa
                                Assistant Attorney General

Hon. Nelson S. Román
November 14, 2022
Page 2

cc:    <u>Via ECF</u>
Rob Rickner, Esq.
Stephanie Panousieris, Esq.
Rickner PLLC
*Attorneys for Plaintiff*
14 Wall Street, Suite 1603
New York, New York 10005