UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X―――――――――――――――――――――X

CHAUNCEY GIRARD,

                              Plaintiff,        18-CV-2026
                                               Hon. Nelson S. Román

    -against-

DEP. COLLAO, SUPT. THOMAS GRIFFIN, LT.
MURPHY, C.O. STAPLES, DR. KOROBKOVA,
DR. ROBERT BENTIVEGNA, K. SWAIN
International Steward, and SGT. ECKERSON,

                              Defendants.
X―――――――――――――――――――――X

## Memorandum of Law in Reply to Defendants' Motion to Dismiss the Fourth Amended Complaint

 

LETITIA JAMES
  Attorney General
  State of New York

*Attorney for Defendants*

44 South Broadway, 5th Floor
White Plains, New York 10601
(914) 422-8724
terrance.derosa@ag.ny.gov

Terrance K. DeRosa
Assistant Attorney General
*of counsel*

# **Table of Contents**

Table of Authorities ................................................................................................................. ii

Preliminary Statement ............................................................................................................ 1

Statement of Facts .................................................................................................................. 1

Argument ................................................................................................................................ 2

   Point I:
      The FAC does not plausibly allege an Eighth Amendment Claim
      against any Defendant. ................................................................................................ 2

   Point II:
      The Conspiracy claim against Staples and Murphy is inadequately
      pled and barred by the intracorporate conspiracy doctrine. ............................... 6

Conclusion .............................................................................................................................. 9

# Table of Authorities

**Page(s)**

**CASES**

*Allen v. New York*,
  No. 05-CV-01613, 2006 WL 2864951 (N.D.N.Y. Oct. 5, 2006) ............................. 2-3

*Batson v. RIM San Antonio Acquisition, LLC*,
  No. 15-CV-07576, 2018 WL 1581675 (S.D.N.Y. Mar. 27, 2018) ............................ 2

*Blamah v. New York*,
  No. 19-CV-09234, 2020 WL 1812690 (S.D.N.Y. Apr. 8, 2020) ............................... 5

*Chavis v. Chappius*,
  618 F.3d 162 (2d Cir. 2010) ..................................................................................... 5

*Cole v. Blackwell Fuller Music Publishing, LLC*,
  No. 16-CV-07014, 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ........................... 6

*Forshey v. Miller*,
  No. 17-CV-00575, 2017 WL 11713500 (N.D.N.Y. Aug. 18, 2017) ......................... 8

*Gallop v. Cheney*,
  642 F.3d 364 (2d Cir. 2011) ..................................................................................... 8

*Guttilla v. City of N.Y.*,
  No. 14-CV-00156, 2016 WL 1255737 (S.D.N.Y. Mar. 29, 2016) ............................ 3

*Jahad v. Holder*,
  No. 19-CV-04066, 2023 WL 1879526 (S.D.N.Y. Feb. 10, 2023)
  (Román, J.) ............................................................................................................... 3

*K.D. ex rel. Duncan v. White Plains Sch. Dist.*,
  921 F. Supp. 2d 197 (S.D.N.Y. 2013) ................................................................... 6-9

*Maione v. Zucker*,
  No. 18-CV-07452, 2022 WL 784483 (S.D.N.Y. Mar. 15, 2022) ............................. 3

*Marcus v. Annucci*,
  No. 20-CV-06234, 2022 WL 280935 (S.D.N.Y. Jan. 31, 2022) ............................... 9

*Nassau Cnty. Empl. "L" v. Cnty. of Nassau,*
   345 F. Supp. 2d 293 (E.D.N.Y. 2004) .................................................................. 9

*Nelson v. New York City,*
   No. 16-CV-04727, 2017 WL 8772499 (E.D.N.Y. Aug. 21, 2017) ......................... 2-3

*Silvester v. Selene Fin., LP,*
   No. 18-CV-02425, 2021 WL 861080 (S.D.N.Y. Mar. 8, 2021) ............................... 6

*Stapleton v. Pagano,*
   No. 19-CV-00952, 2021 WL 3501163 (S.D.N.Y. Aug. 9, 2021) .............................. 3

*Ventillo v. Falco,*
   No. 19-CV-03664, 2020 WL 7496294 (S.D.N.Y. Dec. 18, 2020) ............................ 6

## Preliminary Statement

Defendants offer this memorandum of law in further support of their motion to dismiss the Fourth Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). The motion must be granted because, as established in Defendants' moving brief, the FAC's allegations are substantially similar to, if not *in haec verba*, the allegations pressed in the four prior iterations—all of which this Court found did not plausibly allege a claim for relief. Girard's opposition addresses neither the Court's prior decisions nor Defendants' argument. Rather, Girard insists that this time, on the fifth go-around, the previously insufficient allegations have transformed to plausibly allege his Eighth Amendment claims. Girard's failure to rectify the previously identified pleading deficiencies combined with his inability to point the Court to any new or different allegation in the FAC supports the Court's adherence to its prior analyses and dismiss the FAC in its entirety with prejudice.

## Statement of Facts

To provide context to Defendants' reply arguments, a recitation of recent developments is helpful at this juncture.

Girard commenced this action *pro se* and remained *pro se* through the filing of all five complaints. After Defendants served their motion to dismiss the FAC, Girard obtained counsel. Notices of appearances were filed on November 11, 2022. *See* ECF Nos. 106-107. That day, counsel requested a 30-day stay of the motion to consult with Girard and "sort out any inadvertent overlap or duplicative facts or claims" and clarify the FAC's claims "without adding or amending claims." *See* ECF No. 108.

Defendants did not oppose the stay request but objected to the submission of any new amended pleadings, i.e., a Fifth Amended Complaint. *See* ECF No. 109. The Court granted the stay, revised the motion's briefing schedule, and permitted counsel to discontinue any allegations or claims that overlapped with, or duplicated allegations raised in, other federal actions. *See* ECF No. 110.

Girard's opposition clarified that the FAC presents only one claim for relief: that Defendants individually deprived him of, or interfered with, his medical treatment in violation of the Eighth Amendment. *See generally* Pltf.'s Mem. of Law in Opp. It also clarified that the FAC alleges only a conspiracy claim against Staples and Murphy—essentially, that they conspired to keeplock him pursuant to falsified disciplinary charges to deprive him of medical care. *Id.* at p. 8, n. 2.

## Argument

### Point I:

**The FAC does not plausibly allege an Eighth Amendment Claim against any Defendant.**

"The mere filing of an Amended Complaint does not entitle Plaintiff to relitigate his claims absent new factual allegations"; the courts therefore, "examine the Amended Complaint to determine whether plaintiff[ ] ha[s] cured the former deficiencies." *Batson v. RIM San Antonio Acquisition, LLC*, No. 15-CV-07576, 2018 WL 1581675 at *5 (S.D.N.Y. Mar. 27, 2018) (citations and quotations omitted). *See also Nelson v. New York City*, No. 16-CV-04727, 2017 WL 8772499 at *1 (E.D.N.Y. Aug. 21, 2017) (dismissing amended complaint because, even when liberally construed, it failed to cure the original complaint's deficiencies); *Allen v. New York*, No. 05-CV-

2

01613, 2006 WL 2864951 at *1 (N.D.N.Y. Oct. 5, 2006) (same). Courts do not revisit or reconsider their own prior findings unless there has been an intervening change in the controlling law, new evidence, or the need to correct a clear error of law or prevent a manifest injustice. *See e.g., Jahad v. Holder*, No. 19-CV-04066, 2023 WL 1879526 *4 (S.D.N.Y. Feb. 10, 2023) (Román, J.).

Where an amended pleading is "substantially the same with some minor variations[,]" "no intervening change in controlling law[,]" and no argument that the Court's prior rulings were clear error, the amended pleading's failure to cure the previously identified deficiencies warrants dismissal for failing to state a claim. *Id.* at p. 6-7. *See also Maione v. Zucker*, No. 18-CV-07452, 2022 WL 784483 (S.D.N.Y. Mar. 15, 2022); *Stapleton v. Pagano*, No. 19-CV-00952, 2021 WL 3501163 at *4 (S.D.N.Y. Aug. 9, 2021); *Nelson*, 2017 WL 8772499 at *1; *Guttilla v. City of N.Y.*, No. 14-CV-00156, 2016 WL 1255737 (S.D.N.Y. Mar. 29, 2016) (dismissing the amended complaint for failing to state a claim because it "adds few new non-conclusory allegations, and those additional allegations do not affect the Court's prior analysis"); *Allen*, 2006 WL 2864951 at *1.

Despite having the benefit of the Court's explicit instructions and directions alongside five separate opportunities to plead his claim, the FAC does not cure any of the prior four complaints' deficiencies. *See* Defs.' Mem. of Law in Support, p. 11-15. The FAC does not contain any new allegations or theories. *Compare* FAC with Original Complaint and First, Second, and Third Amended Complaints.[1]

---

[1] The following chart contains a side-by-side summary of the allegations in all five complaints

| Original Compl. (ECF No. 1; DeRosa Decl. Exh. A) | 1st Amended Compl. (ECF No. 7; DeRosa Decl. Exh. C) | 2d Amended Compl. (ECF No. 42; DeRosa Decl. Exh. E) | 3d Amended Comp. (ECF No. 68; DeRosa Decl. Exh. G) | 4th Amended Compl. (ECF No. 96; DeRosa Decl. Exh. I) |
|---|---|---|---|---|
| | "I came to Gren Haven 9-13-2016 and was denied MRI results for left shoulder and denied medical attention for stomach injury reported on 10-25-2016" (p. 5) | "Plaintiff asked Defendant(s) Korobkova and Griffen on 9-26-16 to receive MRI results to receive treatment (see Grievance GH 84217- 16) then was later denied sick call as retaliation" (p. 5) | | "I had to put in a grievance to receive a response from medical, to receive my MRI results in order to show (Dr) Korobkova that I had a serious medical issue that needed surgery at this time" (p. 5) |
| "Defendant Korobkova … fail[ed] to give medical permit to left shoulder"; "Plaintiff would often get put on the wall for a search during recreation"; it caused permanent loss range of motion (p. 6). | | "Korobkova would still fail to give medical permit to left shoulder in which Plaintiff would often get put on the wall for a search during recreation and Plaintiff grieved it … in where Plaintiff has loss of range of motion" (p. 6) | After surgery "Korobkova failed to provide Plaintiff with a medical permit exempting him from wall searches" that occurred 5 days a week in which "officers would put him on the wall" "prevent[ing] the Plaintiff['s] shoulder from healing … [and cause] permanent loss of range of motion" (p. 5) | Following surgery, "Korobkvoa (Dr) would fail to give the permit" to exempt him from "wall searches by any officers that force[d] my arm on the wall" (p. 5) |
| | "(Co) Staples and (Lt) Murphy" would "falsely imprison[ ]" Plaintiff and "give[ ] [him] keeplock from Dec 12-2017 - Jan 13th 2017" in retaliation for filing a "grievance on 8-30-2017" "just so he could be denied" medical care (p. 5). | Plaintiff grieved Bentivegna "and due to the medical issue being grieved Plaintiff was retaliated against [by] (Co) Staples and falsely put on keeplock from Dec. 12th 2017 until Jan. 13th 2017," (p.7). | "Plaintiff was unlawfully confined … the ticket was false … [it] was made up to falsely confine the Plaintiff" (p. 7). | "Around 12-5-2016 I was in keeplock for a false ticket by (Co) Staples" (p.5) who "lied and stated she took [his sneakers] in a cell search" (p. 6). |
| | | "(Lt) Murphy would know that the keeplock was false and still made judgment to falsely confine the Plaintiff." (p. 7). While in keeplock, Plaintiff was denied sick call "causing [him] more pain and anguish" (p. 7). | "(Lt) Murphy would make false judgment for 30 days [keeplocking him] in which Plaintiff was denied sick call … and medical attention" (p.7). | "(LT) Murphy would bring false judgment on this false ticket" and during his time in keeplock "[he] was denied sick call procedures when [he requested it]" (p. 5) as part of conspiracy between (Lt) Murphy and (Co Staples)" (p. 6). |
| | "And would address the problem to the Sgt, Dep and the Supt, During the go around and nobody would do anything about this grievance" (p. 6). | "[U]pon Superintendent rounds during keeplock [Plaintiff] would request medical and explain to defendants Thomas Griffin and Dep Collao and they would not address this issue but stated "usually there's no sick call on keeplock" (p. 8). | "Plaintiff personally told Dep Collao and Thomas Griffin about his stomach injury and the bleeding" (p. 7). | While he was in keeplock "both (Dep) Collao and (Supt) Griffin would do their rounds and I would explain to them that I would need medical treatment" and show them letters written to Dr. Bentivegna and the nurse administrator "and nothing was done by anyone to resolve these issues" (p. 5). |

Further, the Court ordered that "any claims, facts or attachments that Plaintiff wishes the Court to consider going forward must be within or attached to the" FAC and explained that "[t]his means that his previous complaints and other filings will

---

regarding (1) the alleged delay in receiving the MRI results; (2) the denial of the permit exempting him from wall searches; (3) Staples and Murphy's conspiracy to keeplock him based upon false disciplinary charges to deprive him of medical care; and (4) Griffin and Collao's failure to address Girard's complaints about lack of treatment while in keeplock.

4

no longer be the operative documents containing his pleadings and exhibits—everything that is essential must be contained in or attached to the" FAC. DeRosa Decl., Exh. H, p. 8. Despite this, the FAC's allegations concerning Girard's physical therapy and loss of range of motion specifically cite previous exhibits, stating, "(see Exhibits) already given to court." DeRosa Decl. Exh. I, p. 5. Even if Girard's reliance on prior submissions did not disregard the Court's explicit directions, the documents do not support his claims. The Court noted already that the "physical therapy report does not corroborate his connection of this loss of motion to the searches . . . [and a]lthough Plaintiff did lose some range of motion in his shoulder, his symptoms nevertheless improved from their pre-operation status." DeRosa Decl. Exh. F, p. 9. It was with this observation that the Court found that the Second Amended Complaint did "not allege sufficient facts to satisfy either prong of the deliberate indifference test." *Id.*

Girard's opposition does not acknowledge the absence of new or different allegations and theories in the FAC. More egregiously, it fails to acknowledge that its arguments directly contradict this Court's previous findings and has not demonstrated that the Court erred in its prior analyses. *See generally*, Pltf.'s Mem. of Law in Opp. Rather, Girard merely asserts that these allegations now sufficiently state a claim. His arguments are not supported by the Fourth Amended Complaint itself and in the absence of the additional, necessary allegations, require the Court—as Girard's opposition did—to "invent factual allegations that [were] . . . not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted); *see also generally Blamah v. New York*, No. 19-CV-09234, 2020 WL 1812690, at *6

5

(S.D.N.Y. Apr. 8, 2020) (granting a motion to dismiss, denying a request for a preliminary injunction, and noting "conclusory language stating that a Plaintiff is entitled to . . . relief . . . does not make it so"). Further, because Girard fails to address Defendants' primary contention (i.e., that in sum and substance the FAC is no different from the prior complaints and fails to remedy the deficiencies), he has conceded the point. *See e.g., Silvester v. Selene Fin., LP*, No. 18-CV-02425, 2021 WL 861080, at *8 (S.D.N.Y. Mar. 8, 2021) ("Plaintiffs did not respond to this argument, and therefore conceded the issue." (internal citation omitted)); *Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020); *Cole v. Blackwell Fuller Music Publishing, LLC*, No. 16-CV-07014, 2018 WL 4680989 at *7 (S.D.N.Y. Sept. 28, 2018) ("Numerous courts have held that a plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument.").

## Point II:

### The Conspiracy claim against Staples and Murphy is inadequately pled and barred by the intracorporate conspiracy doctrine.

Girard's opposition clarifies that his claim against Staples and Murphy is a conspiracy claim based upon their alleged collusion to put him in keeplock based upon false disciplinary charges in order to deprive him of medical care. Pltf.'s Mem. of Law in Opp., p. 8, n. 2. A conspiracy claim is not viable in this context.

To state a § 1983 conspiracy claim, Girard must make a factual showing of "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *K.D. ex rel. Duncan v. White*

6

*Plains Sch. Dist.*, 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013) (citations and quotations omitted). "To withstand a motion to dismiss . . . [Girard] must provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end, augmented by some details of time and place and the alleged effects of the conspiracy." *Id.* Girard must also "allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy" and "adequately allege a violation of the right or rights that defendants are alleged to have conspired to violate" (*id.* at 209)—here deprivation of medical treatment in violation of his Eighth Amendment rights.

Disregarding the fact that Gerard is now represented by counsel and affording him the leniency afforded *pro se* litigants, the FAC's allegations do not establish any of these elements. Specifically, the FAC alleges "around 12-5-2016 I was in keeplock for a false ticket by (Co) Staples in which she would take my sneakers stating they were out side [sic] of the cell, and which (LT) Murphy would bring false judgment on this, false ticket"; "these officers, purposely put a false ticket on me personally involving them selves [sic], to deny me medical attention, because my injuries were from, a staff member." DeRosa Decl., Exh. I, p. 5. On page 6, Girard repeats his contention that Staples lied and falsely put him in keeplock because his sneakers were outside of his cell in order to keep him from receiving proper medical care. *Id.* at p. 6.

There are no other allegations even remotely related to the alleged conspiracy between Staples and Murphy. These allegations are the very embodiment of

7

conclusory statements and, as such, do not plausibly allege Staples and Murphy conspired to violate Girard's Eighth Amendment rights. Even if construed as establishing Staples and Murphy acted in concert, the conspiracy claim still fails because it does not contain any facts establishing an express or tacit agreement between them, or a meeting of the minds. There are also no factual allegations regarding the time and place the conspiracy was created.

Girard's opposition does nothing to rectify this pleading deficiency. Indeed, footnote 2 merely states that the claim against Staples and Murphy is a conspiracy claim. *See* Pltf.'s Mem. of Law in Opp., p. 8, n. 2. These "[v]ague statement[s] that Defendants somehow acted in concert to deny him rights" without supporting factual detail do not give rise to a plausible inference that "Defendants came to an agreement, or a 'meeting of the minds,' to violate [Girard's] constitutional rights." *Forshey v. Miller*, No. 17-CV-00575, 2017 WL 11713500 at *6 (N.D.N.Y. Aug. 18, 2017); *see also K.D. ex rel. Duncan*, 921 F. Supp. 2d at 209. Thus, the conspiracy claims against Murphy and Staples must be dismissed on this basis. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

Furthermore, even if Girard had pled a viable claim, because the alleged conspirators are employees of the same public entity—the New York State Department of Corrections and Community Supervision, or the State of New York—any conspiracy claim is barred by the intracorporate conspiracy doctrine. Employees of a single corporate entity are "legally incapable of conspiring together" "particularly[,] … where[, as here,] the [defendants] are alleged to be acting within the scope of their

8

employment." *Nassau Cnty. Empl. "L" v. Cnty. of Nassau*, 345 F. Supp. 2d 293, 304 (E.D.N.Y. 2004); *see also Marcus v. Annucci*, No. 20-CV-06234, 2022 WL 280935, at *9 (S.D.N.Y. Jan. 31, 2022) ("[T]his claim is barred by the intracorporate conspiracy doctrine, as each Defendant worked for the same corporate entity (i.e., DOCCS) and was acting within the scope of their employment in connection with the alleged conduct"); *K.D. ex rel. Duncan*, 921 F. Supp. 2d at 210. As Girard's opposition clarifies that these conspiracy claims are the only claims against Murphy and Staples, Murphy and Staples must be dismissed from this action with prejudice.

## Conclusion

For the reasons set forth above, and in the Defendants' moving papers, the Court should dismiss this action, with prejudice in its entirety.

Dated:  White Plains, New York       LETITIA JAMES
        February 13, 2023            Attorney General of the State of New York

                                     *Attorney for Defendants*

                            By:      *Terrance K. DeRosa*
                                     Terrance K. DeRosa
                                     Assistant Attorney General
                                     44 South Broadway, 5th Floor
                                     White Plains, New York 10601
                                     (914) 422-8724
                                     terrance.derosa@ag.ny.gov